# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**874**

**KA 14-01516**

PRESENT: CENTRA, J.P., LINDLEY, SCONIERS, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                     MEMORANDUM AND ORDER

TERRY L. HARES, DEFENDANT-APPELLANT.

---

WILLIAMS, HEINL, MOODY & BUSCHMAN, P.C., AUBURN (RYAN JAMES MULDOON OF COUNSEL), FOR DEFENDANT-APPELLANT.

JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (NATHAN J. GARLAND OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered June 12, 2014. The judgment convicted defendant, upon her plea of guilty, of fraudulent practices, welfare fraud in the fifth degree and misuse of food stamps.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her, upon her guilty plea, of fraudulent practices (Workers' Compensation Law § 114 [1]), welfare fraud in the fifth degree (Penal Law § 158.05) and misuse of food stamps (Social Services Law § 147 [1] [a] [i]). Pursuant to the plea agreement, County Court sentenced defendant to concurrent terms of probation, ordered her to pay restitution in the amount of $12,176.50, and issued an order of forfeiture with respect to her right to receive workers' compensation benefits. Defendant asks us to vacate the order of forfeiture as a matter of discretion in the interest of justice (*see* CPL 470.15 [3] [c]), contending that it is unfair for her to be barred from receiving workers' compensation benefits in the future for her existing back injury. The record establishes, however, that the order of forfeiture was part of the People's plea offer, which defendant voluntarily accepted, and, in view of the fact that defendant has a prior conviction of welfare fraud, the People may have asked the court for a harsher sentence if she had not agreed to the forfeiture. In addition, we note that, despite her alleged back disability, defendant was able to earn unreported income as a cage dancer, which involved physical activity that included hanging upside down from bars. Under the circumstances, we decline to vacate the agreed-upon order of forfeiture.

Entered: July 2, 2015                                 Frances E. Cafarell
                                                     Clerk of the Court